# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOHN W. BRINSON JR.**
**United States Army, Appellant**

ARMY 20120887

Headquarters, Fort Hood
Patricia H. Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial and recommendation)
Colonel Richard W. Rousseau, Staff Judge Advocate (addendum)

For Appellant:  Major Vincent T. Shuler, JA; Major Kevin F. Sweeney, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

24 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of one specification of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for two months, and reduction to the grade of E-1. The convening authority credited appellant with five days of confinement credit.

This case is before us pursuant to Article 66, UCMJ.  Appellate defense counsel submitted the case for appellate review on its merits.  However, appellant also personally raised several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), only one of which merits discussion and relief.

*Background*

Appellant's court-martial adjourned on 24 September 2012. On 14 November 2013, 417 days later, the convening authority took action. This period includes an initial 249 days for the government to transcribe the 74-page record of trial and deliver it to the military judge for authentication on 31 May 2013. The military judge authenticated the record 48 days later, on 18 July 2013. Another 51 days elapsed before the Staff Judge Advocate (SJA) completed his initial post-trial recommendation (SJAR) to the convening authority on 7 September 2013. Defense counsel took more than a month to submit clemency matters on appellant's behalf, and the addendum to the SJAR was not completed until four weeks later. Following the convening authority's action, another 50 days elapsed before this court received the record of trial from Fort Hood, Texas on 3 January 2014.

In the clemency matters submitted on behalf of appellant pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105, defense counsel alleged the government violated the post-trial processing standards recognized by our superior court in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and requested the convening authority disapprove the findings and accept appellant's request for a discharge in lieu of court-martial or, alternatively, disapprove the adjudged bad-conduct discharge. In his addendum, the SJA "disagree[d]" with this assertion and concluded "[n]o corrective action [was] required" and "clemency [was] not warranted" in appellant's case. The record of trial is devoid of any explanation or justification for post-trial processing time which took close to 14 months.

*Dilatory Post-Trial Processing*

In *Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. at 142-43. Specifically, action of the convening authority should be taken no later than 120 days after completion of the trial, and the record of trial should be docketed with this court within 30 days of the convening authority's action. *Id.*[1] Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether appellant's due process rights were violated. *See Moreno*, 63 M.J. at 136.

The first factor, length of delay, plainly weighs in appellant's favor. Here, the post-trial processing standards for the completion of the convening authority's

---

[1] A third standard, timeliness of appellate review before this court, is not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

action and for docketing appellant's case with this court have each been exceeded by a significant margin. We therefore proceed to the remaining three factors, beginning with "[r]easons for the delay." *Id.* Here, the government has offered none and we will not speculate in a vacuum. The third factor, assertion of the right to a timely review and appeal, also weighs in appellant's favor, as defense counsel submitted a "Request for Speedy Post Trial Processing" to the SJA approximately six and a half months after appellant's trial concluded.

However, despite the delays, appellant's assertion of this issue before the convening authority and this court, and the absence of any explanation by the government for its dilatory processing, appellant is still not entitled to relief pursuant to *Moreno*. Appellant has failed to demonstrate that he suffered any prejudice[2] as a result of the delays, and we find this absence outweighs the first three factors to a degree that we can confidently conclude his due process rights were not violated. *Id*. at 138. Specifically, we find no prejudice after reviewing each of the three sub-factors found in *Moreno*.[3] Additionally, while the post-trial delay here is excessive, it is not "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Nonetheless, appellant is not foreclosed from relief for the government's delays.

Even in the absence of actual prejudice from unreasonable post-trial processing, this court is still authorized to grant relief for excessive delay in our assessment of the appropriateness of appellant's sentence pursuant to Article 66(c), UCMJ. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). Here, a delay of nearly 14 months to process a 74-page record of trial coupled with an additional 50 days to transport the record to this court is excessive and warrants relief. As such, we provide relief in our decretal paragraph below.

---

[2] Appellant's pleading before this court makes only a brief, general, and unsupported reference to "stress and anxiety" the delays in processing caused him.

[3] (1) Oppressive incarceration pending appeal; (2) Particularized anxiety and concern; and (3) Impairment of ability to present a defense at rehearing. *Moreno*, 63 M.J. at 138-41.

BRINSON—ARMY 20120887

*Conclusion*

The findings of guilty are AFFIRMED. After considering the entire record and those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for one month, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court